UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

APRIL BROWN )
)
v. ) NO. 2:04-CV-142
)
LABOR READY, INC. )
)

**O R D E R**

Before this Court is the defendant's motion to compel arbitration in this Title VII case. [Doc. 3]. The plaintiff and defendant entered an employment contract which contains an arbitration provision requiring the plaintiff to submit all disputes arising out of her employment or termination of her employment to binding arbitration. The plaintiff resists the defendant's motion, insisting that the clause is not enforceable. The grounds for the plaintiff's resistence are twofold. First, the arbitration provision does not afford the plaintiff the same rights that she would be afforded in a federal court proceeding, and secondly, the contract is illusory in that it provides for the unilateral modification of the contract by the defendant.

While the plaintiff is correct that arbitration under the Federal Arbitration Act cannot be utilized to curtail an employee's statutory rights, the

arbitration provision in this case does not limit the plaintiff's statutory rights. The contract provision provides that the arbitration will be conducted under the rules of the American Arbitration Association ("AAA"), administered by the AAA office nearest the plaintiff's place of employment. The AAA is routinely utilized for arbitration in cases across the country. The defendants have established that the AAA has a case management office in Atlanta which administers its arbitration proceedings in Tennessee. Additionally, the AAA has enacted "National Rules for the Resolution of Employment Disputes" which address the concerns the plaintiff raises about a limitation of her rights that she would have in a federal court proceeding. Those rules provide that the arbitrator may award any relief available in a judicial proceeding and permit the parties to engage in discovery. Further, the rules provide that the parties may agree on a location for the arbitration hearing. In its reply brief, the defendant stipulates that it is agreeable to holding the arbitration in Greeneville, Tennesee, the same venue of the federal proceeding filed by the plaintiff. Accordingly, the plaintiff's argument that the arbitration agreement is at odds with the provisions of Title VII must fail.

The plaintiff is also correct that were the defendant to retain the unilateral ability to modify the employment contract, the contract would not be enforceable. Plaintiff cites to paragraph 29 of the employment contract which

2

states in pertinent part as follows:

> This Contract may not be changed or terminated except by an instrument signed by an executive officer of Labor Ready.

Despite the plaintiff's contentions, this paragraph in no way permits the unilateral modification of the contract by the defendant. Rather, it only requires that in order for any modification to be valid, a particular person within the management of Labor Ready must be a signatory to the contract. Obviously the modification of the contract would also require the plaintiff's signature.

For the foregoing reasons, it is hereby **ORDERED** that the defendant's motion to compel arbitration is **GRANTED**, and the parties to this cause shall proceed to arbitration, in accordance with the employment contract between the plaintiff and the defendant, with all due diligence. [Doc. 3]. It is further **ORDERED** that the trial of this action is **STAYED** pending the conclusion of such arbitration. Within ten (10) days of the conclusion of the arbitration, but not later than October 1, 2005, the parties shall cause to be filed a report with the Court notifying the Court of the outcome of the arbitration.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE